UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82356-CIV-MARRA/JOHNSON

SHEILA POTIKER,

    Plaintiff,

vs.

GASIUNASEN GALLERY,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the court upon defendant's motion to dismiss [DE # 5]. For the reasons given below, the court will grant defendant's motion.

### BACKGROUND

In April 1993, plaintiff Sheila Potiker ("Ms. Potiker") purchased a sculpture entitled "Femme Debout" from defendant Gasiunasen Gallery (the "Gallery") for $750,000. The Gallery promised Ms. Potiker that the sculpture was authentic and provided a "Guarantee of Authenticity," which reads: "This letter shall certify that I guarantee the authenticity of the above artwork and will return full purchase price if work is proven to be other than stated." When Ms. Potiker attempted to sell the sculpture in December 2008, she allegedly discovered that it was a counterfeit. Ms. Potiker asked the Gallery to refund her money, but it refused. Ms. Potiker filed this action against the Gallery on December 1, 2009, asserting claims for breach of contract, breach of express warranty, breach of the covenant of good faith and fair dealing, and unjust enrichment.

### JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties

are completely diverse and the amount in controversy exceeds $75,000.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Ms. Potiker's claims occurred in the Southern District of Florida.

## DISCUSSION

*A.     Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

*B.     The Gallery's Motion to Dismiss*

The Gallery moves for dismissal on the sole ground that Ms. Potiker's action, which is based

on a sale that occurred over seventeen years ago, is barred by the applicable statutes of limitations. The statute of limitations on Ms. Potiker's claims for breach of contract, breach of express warranty, and breach of the covenant of good faith and fair dealing is five years, *see* Fla. Stat. § 95.11(2)(b), while the statute of limitations on her claim for unjust enrichment is four years, *see* Fla. Stat. § 95.11(3)(k).[1]

To determine whether Ms. Potiker's claims are time-barred, the court must ascertain the date on which the statutes of limitations began to run. Under Florida law, the "statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031; *see Margolis v. Andromides*, 732 So.2d 507, 509 (Fla. 4th DCA 1999). A "cause of action accrues, for statute of limitations purposes, 'when the last element constituting the cause of action occurs,'" *New Lenox Indus., Inc. v. Fenton*, 510 F.Supp.2d 893, 906 (M.D. Fla. 2007) (citing Fla. Stat. § 95.031(1)), or, put differently, "when the action may be brought." *City of Riviera Beach v. Reed*, 987 So.2d 168, 170 (Fla. 4th DCA 2008) (quotation marks and citation omitted). This rule "is consistent with the policy behind the statute of limitations, which is to prevent unreasonable delay in the enforcement of legal rights and to protect against the risk of injustice." *BDI Constr. Co. v. Hartford Fire Ins. Co.*, 995 So.2d 576, 578 (Fla. 3d DCA 2008) (quotation marks and citation omitted).

A cause of action for breach of contract accrues under Florida law when the last act constituting the breach occurs. *Calhoun v. Greyhound Lines, Inc.*, 265 So.2d 18, 21 (Fla.1972). This is so "regardless of whether the plaintiff knew that it had a claim" and even though plaintiff did not suffer damages until after the alleged breach. *Abbott Laboratories, Inc. vs. Gen. Elec. Capital*,

---

[1] Because this is a diversity case, Florida's statutes of limitations apply. *See Dade County v. Rohr Indus., Inc.*, 826 F.2d 983, 987 (11th Cir. 1987)

765 So.2d 737, 740 (Fla. 5th DCA 2000); *see Medical Jet, S.A. v. Signature Flight Support – Palm Beach, Inc.*, 941 So.2d 576, 578 (Fla. 4th DCA 2006). Here, a breach of contract occurred, if at all, when the Gallery tendered Ms. Potiker the alleged counterfeit "Femme Debout," after having guaranteed that the sculpture was authentic. According to the complaint, that alleged breach occurred in April 1993, and the statute of limitations expired five years later. Because Ms. Potiker filed her complaint on December 1, 2009, her claim for breach of contract is time-barred.

Likewise, Ms. Potiker's other claims are barred as untimely under the applicable statutes of limitations. Specifically, her claims for breach of express warranty and breach of the covenant of good faith and fair dealing accrued in April 1993, when the Gallery sold the alleged counterfeit sculpture.[2] Her claim for unjust enrichment also accrued in April 1993, when Ms. Potiker conferred a benefit on the Gallery by paying for the sculpture.[3] Since Ms. Potiker failed to file her action within four or five years of April 1993, her action is time-barred.

Ms. Potiker argues that the determination of when the statutes of limitations began to run is an issue fact that cannot be determined on a motion to dismiss. Ms. Potiker is mistaken. A dismissal based on statute of limitations grounds is appropriate under Fed. R. Civ. P. 12(b)(6) "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*,

---

[2] To prove a breach of warranty claim under Florida law, a plaintiff must show: (1) facts in respect to the sale of the goods (2) identification of the type of warranty created; (3) facts in respect to the creation of that particular type of warranty; (4) facts of the breach of warranty; (5) notice to seller of breach; and (6) injuries sustained by the buyer as a result of the breach of warranty. *Dunham-Bush v. Thermo-Air Service, Inc.*, 351 So.2d 351, 353 (Fla. 4th DCA 1977).

[3] "To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Della Ratta v. Della Ratta*, 927 So.2d 1055, 1059 (Fla. 4th DCA 2006).

358 F.3d 840, 845 (11th Cir. 2004).  Such is the case here.  In concluding that Ms. Potiker's claims are untimely, the court has construed the complaint in the light most favorable to her and accepted all factual allegations as true.

Additionally, Ms. Potiker argues that, under the delayed discovery doctrine, her claims did not accrue until she either discovered or should have discovered that the sculpture was not authentic.[4] Her argument is without merit.  In *Davis .v Monahan*, the Florida Supreme Court held that the delayed discovery doctrine, an "exception" to the rule that "a cause of action accrues or begins to run when the last element of the cause of action occurs," applies only when there is a statutory basis for it.  832 So.2d 708, 709 (Fla. 2002). "Aside from . . . cases of fraud, products liability [pursuant to § 95.11(3)], professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule." *Id.* at 710.  Because this case does not fall into any of those categories, the delayed discovery rule does not apply.

Even if the delayed discovery rule applied, Ms. Potiker's action would likely still be untimely, because she reasonably should have discovered that the sculpture was a counterfeit more than four or five years prior to filing suit.  In this regard, the court agrees with the reasoning of the Second Circuit:

> While we would hesitate to deem the alleged defect [in the artwork] here readily discoverable if extraordinary measures were required to detect the flaw, a painting's lack of authenticity is readily apparent to the trained eye of an art expert. A purchaser who spends a considerable sum of money for a painting undoubtedly will, as the [plaintiffs] did here, obtain appraisals for insurance purposes. Requiring a purchaser to obtain that appraisal from an expert other than the seller is not an onerous burden.

---

[4] The delayed discovery doctrine "generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortuous act giving rise to the cause of action." *See Hearndon v. Graham*, 767 So.3d 1179, 1184 (Fla. 2000).

*Rosen v. Spanierman*, 894 F.2d 28, 32-33 (2d Cir. 1990); *see Wilson v. Hammer Holdings, Inc.*, 850 F.3d 3, 6 (1st Cir. 1988) ("Although the [plaintiffs] were unaware of the painting's faulty performance until they attempted to sell the work of art, they easily could have discovered the problem from the outset by means of a second expert opinion.").

Finally, Ms. Potiker argues that the Gallery's guarantee is not just a guarantee of authenticity, but a "promise to perform upon the happening of a" future event. In making this argument, Ms. Potiker emphasizes the following language of the guarantee: "will return full purchase price if work is proven to be other than stated." Ms. Potiker contends that her action did not accrue until the future event occurred, *i.e.*, the sculpture was "proven to be other than stated" in 2008. This argument is unconvincing. While it is true that the Gallery's guarantee relates to future performance, a guarantee of authenticity is by its nature a promise that relates to the future. That is, a guarantee of authenticity is, by definition, an assurance given to a buyer that if in the future the object of the guarantee is proven unauthentic, the buyer will be afforded some relief. Here, the phrase "will return full purchase price if work is proven to be other than stated" merely explains what a guarantee of authenticity is.

Essentially, Ms. Potiker is contending that her cause of action does not accrue until it has been "proven" that the sculpture is not authentic and the Gallery fails to return the purchase price. Adopting Ms. Potiker's construction of the guarantee raises numerous problematic questions and would lead to absurd results. For example, to whom must the lack of authenticity of the sculpture be "proven?" Is it to Ms. Potiker, the Gallery or some neutral arbiter? Additionally, what is required to establish proof? Is it sufficient evidence to convince the decision-maker, whoever that might be, that the sculpture is unauthentic, or is there a requirement to meet some legal standard of proof?

It seems preposterous to suggest the parties contemplated that either one of them would be the final arbiter of when the sculpture was "proven" unauthentic. To do so would give complete control to one of them over the ultimate decision as to whether the Gallery is obligated to "return [the] full purchase price" and complete control over the future event which will trigger the running of the statute of limitations. The only reasonable and workable interpretation of this provision requires that, absent an agreement between the parties, the lack of authenticity of the sculpture be "proven" in a court of law or in binding arbitration. If Ms. Potiker is required to prove the lack of authenticity in a legal proceeding, then the triggering event, proof of unauthenticity, occurs after the case has been litigated. Under such circumstances, the statute of limitations would never begin to run, and Ms. Potiker would never be time-barred from bringing suit. Absent clear language in the guarantee evidencing an intent on the part of the parties to effectively eliminate the statute of limitations, this interpretation of the guarantee cannot be correct.

Consequently, the court sees no reason why this action should be treated differently for statute of limitations purposes than any other action arising out of a guarantee or contract. In Florida, an action based upon a guarantee accrues when the last element of the cause of action occurs. Since Ms. Potiker's claims accrued in 1993, and since the statutes of limitations expired four and five years later, this action is time-barred.

## CONCLUSION

For the reasons given above, it is hereby **ORDERED** and **ADJUDGED** that:

1.    Defendant's motion to dismiss [DE # 5] is **GRANTED**. The Court finds that Ms. Potiker will not be able to amend her complaint to avoid the legal conclusions of this order.

Therefore, the Court finds that allowing Ms. Potiker leave to amend her complaint will be futile.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this 23rd day of July, 2010.

_____
Kenneth A. Marra
U.S. District Judge